JOHN S. COLEMAN, trustee and next friend, plaintiff in error, *vs.* THOMAS J. DAVIES, defendant in error.

The taking of the individual note under seal of a guardian by the husband of the ward, in settlement of the guardian's account, which note is payable to the husband, as trustee of his wife, and a receipt in full by husband and wife to the guardian, whereby they release him "from any and all liability growing out of, or connected with said guardianship," and the further fact that the marriage settlement, under which the husband is trustee, limits the property settled (of which the note is

part) to the wife for life, with remain ders over, is a novation of the original debt of the guardian, and destroys its fiduciary character. And if parol evidence be introduced to show that the parties really intended to discharge the guardian, as such, and the Judge, by his charge, leaves the question of discharge to the jury and they find in the affirmative, this Court will not disturb the verdict.

Novation. Discharge of guardian. Fiduciary debt. Before Judge GIBSON. Richmond Superior Court. June Term, 1871.

John S. Coleman, as trustee for Carrie Wyatt Coleman, and next friend of Thomas D. Coleman, a minor, brought complaint against Thomas J. Davies upon a promissory note, dated May 9th, 1864, due thirty days after the date thereof, payable to John S. Coleman, as trustee, for the sum of $10,049.13, with interest from May 1st, 1864, returnable to June Term, 1870. The defendant pleaded that said note was given for Confederate money; also, his discharge as a bankrupt on March 2d, 1870 ; also, that the consideration of said note was slaves. At June Term, 1871, plaintiff amended his declaration by adding a count upon a statement prepared by defendant in April, 1864, showing an indebtedness as guardian to Carrie Wyatt Coleman in the sum set forth in the above described note, to which amendment the defendant pleaded the said note as a settlement in full, and as a discharge from all liability on the above statement of account; also, that the cause of action set forth in the said amendment accrued upon a contract made prior to June 1st, 1865, and no action was brought thereon by January 1st, 1870. Amongst other evidence introduced, there was a trust deed under which plaintiff sues, as trustee, dated May 7th, 1864, by which plaintiff conveyed the above described note in trust to his said wife, for life—remainder to her children. Also, a receipt dated May 7th, 1864, given to defendant, signed by plaintiff and his said wife, acknowledging the payment of $10,049.13, in which is found the following language : "And we, the said John S. and Carrie Wyatt Coleman, do hereby acquit and discharge

the said Thomas S. Davies, his heirs, executors and administrators, from any and all liability to us and our heirs, executors and administrators, growing out of, or connected with said guardianship." Parol evidence was admitted to show that plaintiff, by accepting the note, intended to discharge the defendant as guardian. The jury found for the defendant. Whereupon plaintiff moved for a new trial, which motion was overruled, and plaintiffs excepted, upon the following among other grounds: 1st. Because the Court refused to charge as requested, "That a debt due by defendant, as guardian or trustee, is due in a fiduciary character, within the provisions of the Bankrupt Act, and the acceptance of the individual note of the guardian, without security for the amount named in the final receipt does not take away the fiduciary character of the debt." 2d. Because the Court refused to charge as requested, "That a novation or new contract can only exist where the parties are separate and distinct, and that the giving of a note May 9th, 1864, prior to the Act of November, 1866, and the Constitution of 1868, to the husband as the trustee of his wife, the former ward or *cestui que trust*, was not a novation"—the Court giving said request to the word "distinct," and refusing the balance. 3d. Because the Court charged the jury, "That if defendant's individual note was taken in discharge of his liability to Mrs. Coleman, his former ward, and defendant had been discharged in bankruptcy since the giving of the note, they should discharge him from liability thereon."

FRANK H. MILLER, for plaintiff in error. 1st. Promissory notes are not payment until paid: Code, section 2816. 2d. The note was given for what Davies had previously stated in writing to be due by him as guardian and trustee. Such debt is fiduciary, and not released by a discharge in bankruptcy: Jones & O'Dowd *vs.* Russell, decided October 31st, 1871; Bankrupt Act, March 2d, 1869, section 33; 6 Int. Rev. R., 61; 2 Bank Reg., 74, 114; Bump Bank, 392.

3d. The taking of the note was not a novation : Code, sections 1743, 2682; Collins *vs.* Collins, decided Sept 5th, 1871.

JOHN T. SHEWMAKE, by brief, for defendant. Treating the account and note as same cause of action, the case is subject to Ordinance of 1865, and as a liberal discretion is therein given to the jury, their verdict ought not to be disturbed : 38 Georgia Reports, 284. But the defendant was released from the former debt : Code, sections 2125, 2811, 2682; 40 Georgia Reports, 487 ; Chitty on Contracts, 782, 774, 767, 777; 6 Cranch, 253 ; Code, section 2827 ; 9 Georgia Reports, 223. Whether the note was accepted in payment of the original account, depends upon the intentions of the parties : 1 Watts & Ser., 92; 2 Dana, 90 ; Byles on Bills, 184; 15 Sergeant & Rawle, 162. Discharge was in full of all claims : 20 Georgia Reports, 6. The verdict being satisfactory to the Judge below, and involving the adjustment of Confederate demands, will not be disturbed : 13 Georgia Reports, 34, 359, 370 ; 38 Georgia Reports, 284 ; 41 Georgia Reports, 208. Such release or discharge may lawfully be made by the husband and wife : 2 Kent's Com., 135, 137; Clancy on Husband and Wife, 104; 14 Georgia Reports, 413. The note was provable in bankruptcy : Sections 33, 34. It was not made while acting in a fiduciary capacity : 13 Georgia Reports, 467.

MONTGOMERY, Judge.

The sole question necessary to be considered in this case is whether, under the facts, the note given by Davies to Coleman was a novation of the original debt, and destroyed its fiduciary character, so as to take it out of the operation of the 33d section of the Bankrupt Act of March 2, 1869, and allow the discharge in bankruptcy of the defendant to release him from the debt. We think that sections 2811 and 2827 of the Code, under the facts, make the acceptance of the note a novation, and destroy the fiduciary character of

the debt. Our judgment, therefore, is, the taking of the individual note under seal of a guardian, by the husband of the ward, in settlement of the guardian's account, which note is payable to the husband as trustee of his wife, and a receipt in full by husband and wife to the guardian, whereby they release him "from any and all liability growing out of or connected with said guardianship," and the further fact that the marriage settlement, under which the husband is trustee, limits the property settled (of which the note is part) to the wife for life with remainders over, is a novation of the original debt of the guardian, and destroys its fiduciary character. And if parol evidence be introduced to show that the parties really intended to discharge the guardian as such, and the Judge, by his charge, leaves the question of discharge to the jury, and they find in the affirmative, this Court will not disturb the verdict.

Judgment affirmed.