## VINTON, guardian, *v.* POWELL *et al.*

FISH, C. J. 1. Time does not run against the equitable estate of minors, where the legal estate does not reside in one authorized to assert their rights. Civil Code (1910), § 4173.

(a) Accordingly, where it was alleged in the petition that the father of the plaintiff's wards died seized and possessed of a given tract of land in the fall of 1899, that he was at the time of his death the absolute owner thereof, that no administration had ever been had upon his estate, that' the wards were all of his children and were minors at that time, that a guardian was appointed for them November 4, 1901, and it appears that the action was brought by their guardian against their mother claiming as an heir, and others holding by deed under her and in possession of the premises, the defendants did not have title to the land by prescription under color and seven years adverse possession, although they were in actual possession of the same claiming title thereto from October,

1900; because, even if prescription would run against minors represented by a guardian (See *Wood* v. *Haines,* 72 *Ga.* 18C), seven years had not elapsed from the appointment of the guardian on November 4, 1901, to the bringing of the suit by him for his wards, on April 20, 1908.

2. The petition as amended was for the establishment of title to undivided interests in the plaintiff's wards, and for the recovery of their proportion, for the partition of the premises, for the cancellation of deeds as clouds upon their title, for the reformation of another deed, and to recover for rents, profits, and waste. It set forth a cause of action sufficient to authorize the relief prayed for, except the cancellation of deeds and recovery for the whole of the mesne profits and waste. The allegations show that the defendants claiming under the widow had title to her interest, which made them tenants in common with the plaintiff's wards; and accordingly there was no ground for the cancellation of the deeds under which the defendants held. As to the mesne profits and waste, the plaintiff's wards would be entitled to only their undivided interests.

3. The amendment to the answer of the defendants, that they "deny that they hold under any common source of title with the plaintiffs, but claim a complete legal title to the premises," was properly allowed over the objection "that such amendment was contrary to law."

4. "Whenever any package containing interrogatories or depositions shall be received by mail, the postmaster of the office to which they are directed shall immediately, upon their receipt, indorse upon the package the fact of its reception by due course of mail, and at once deliver the package to the clerk, or presiding judge, or justice of the court to whom it is directed." Civil Code (1910), § 5899.

(*a*) Where a package purporting to contain interrogatories was delivered, by the postmaster of the office to which it was directed, to the clerk of the superior court without an indorsement by such postmaster upon the package that it had been received by due course of mail, and a written motion was made to suppress the interrogatories for the absence of such receipt upon the package, and thereafter counsel for the party in whose behalf the interrogatories had been sued out took the package from the clerk's office, without the knowledge of the judge and without any order authorizing counsel so to do, and carried the package to the post-office and there had the postmaster to enter thereon the required receipt, the court did not err in suppressing and excluding such interrogatories; although counsel taking the same from the clerk's office and having the postmaster to enter his receipt upon the same may have acted in good faith. See *Findlay* v. *Mineralized Rubber Co.,* 98 *Ga.* 275 (25 S. E. 456); *White* v. *Southern Railway Company,* 123 *Ga.* 353 (51 S. E. 411).

*Judgment reversed. Beck, J., absent. The other Justices concur.*

AUGUST 18, 1911.

Equitable petition. Before Judge Frank Park. Decatur superior court. May term, 1910.

*J. Clifford Hale,* for plaintiff.

*Bower & Bower* and *G. G. Bower,* for defendants.