## CARLTON SUPPLY COMPANY *v.* BATTLE.

Where a new note containing a contract of conditional sale, reserving title to the same property in the vendor until payment of the purchase-money, was taken to secure the same debt, and it was recited in the renewal note that it was given only for the purpose of extending the old conditional-sale note, this did not operate to extinguish the old note so as to postpone it to an intervening mortgage given by the vendee, although the old contract of conditional sale may have been marked paid, surrendered to the vendee, and canceled of record.

OCTOBER 14, 1914.

Money rule. Before Judge Thomas. Colquitt superior court. October 16, 1913.

*T. W. Mattox* and *J. D. McKenzie,* for plaintiff in error.

*T. H. Parker,* contra.

EVANS, P. J. The point to be decided arises upon an issue formed on a rule to distribute money between contesting lienors. M. J. and P. G. Giddens purchased of J. J. Battle upon several occasions certain mules. The purchasers gave to Battle conditional-sale notes reserving title in Battle until the purchase-money was fully paid. Subsequently the balance due upon these notes was consolidated into one conditional-sale note, with reservation of title, and the old notes were marked paid, delivered to the makers, and canceled of record. The last note contained this provision: "All the above property being same property bought and mortgaged to J. J. Battle as indicated by Nos. from 1 to 8, and this note is given

to extend the old notes only, and to stand in lieu of said notes." Intervening the execution of the first series of notes, which were duly recorded, and the execution and record of the consolidated note, the makers mortgaged the property described in the notes to the Carlton Supply Company. The intervening mortgagee insists that the vendor in the conditional-sale, by accepting the last conditional-sale note reserving title, extinguished the prior conditional-sale notes. The court ruled against this contention, and, we think, properly so.

A vendor of personal property may contract that the title to the property sold shall remain in him until the purchase-price is paid. Such a contract, in order to be effective against third parties, must be in writing. Conditional bills of sale of this character must be recorded within thirty days from their date, and in other respects shall be governed by the laws relating to the registration of mortgages. Civil Code (1910), §§ 3318, 3319. The conditional bill of sale is but a form of security for debt. The taking of a second mortgage for the same debt, upon the same property, does not of itself extinguish the first, or operate as a cancellation of it, so as to let in an intervening mortgage to take precedence of the first, unless the second mortgage either expressly or by direct implication from its terms releases the first. Jones on Chattel Mortgages, § 644; *Farkas* v. *Third National Bank*, 133 *Ga.* 755 (66 S. E. 926, 26 L. R. A: (N. S.) 496). The facts relied upon to imply a release are, the marking of the old bills of sale "paid," surrendering the same to the purchasers, and entering cancellation upon the record. Whether an implication of release will arise from these facts alone it is not necessary to decide, because there appears another controlling feature in the case. The second bill of sale recites on its face that it is given in renewal of the old bills of sale. The act of the creditor in marking the old bills of sale paid and surrendering them for cancellation is to be construed in connection with the contractual stipulation that the execution of the last conditional-sale note was "to extend the old notes only, and to stand in lieu of said notes." The cancellation of the old notes and the substitution of the new one were contemporaneous acts. The substance of the transaction was not the creation of a new encumbrance, but simply changing the form of the old. In such cases, where a new mortgage is taken and duly recorded, to secure the payment of the same debt, and the fact is so stated in the mortgage, the mortgage will

have priority of another intervening incumbrance. Hardin v. Emmons, 24 Nev. 329 (53 Pac. 854) ; Shaver v. Williams, 87 Ill. 469 ; Van Sandt v. Alvis, 109 Cal. 165 (41 Pac. 1014, 50 Am. St. R. 25).

<em>Judgment affirmed. All the Justices concur.</em>