## HARVEY *v.* THORNTON.

This suit was ejectment brought to recover a certain lot of land. The defendant was the grantee in a deed junior to another deed from the common grantor, conveying the same land to the plaintiff. The junior deed was duly recorded prior to the recordation of the senior deed. The plaintiff's right to recover, therefore, depended upon whether the defendant had such notice of the existence of the first deed as is contemplated by the statute. The evidence upon the subject of notice was not of such character as to require a finding in favor of the plaintiff; and the judge trying the case having directed a verdict for the plaintiff, it was not error subsequently to set aside the verdict and grant a new trial, upon motion made therefor.

No. 1893. December 20, 1920.

Ejectment. Before Judge Hutcheson. DeKalb superior court. January 3, 1920.

*Holbrook; Corbett & White,* for plaintiff.

*Bond Almand* and *Branch & Howard,* for defendant.

Beck, P. J. Mrs. Anna Harvey brought ejectment against Mrs. J. R. Thornton, to recover a certain tract of land. After the conclusion of the evidence the court directed a verdict for the plaintiff. A motion for new trial was made, which was heard by the successor to the judge who directed the verdict. The judge hearing the motion passed an order setting aside the verdict and granting a new trial, to which the plaintiff excepted.

Counsel for the plaintiff insists that the judgment granting a new trial should be reversed on the ground that the evidence heard upon the trial of the case demanded the verdict rendered by the jury under the direction of the court. At the trial the plaintiff introduced in evidence a deed from Georgia Beavers to Anna J. Harvey, the plaintiff, conveying the premises in dispute. The defendant introduced in evidence a deed to herself from the

same grantor, Mrs. Georgia Beavers, conveying the same property, but which was junior in date to the deed to Mrs. Harvey. The junior deed, however, upon which the defendant relied was filed for record September 12, 1913, and recorded on that date, while the senior deed was not recorded until the year 1919. However, it is urged upon the part of the plaintiff that it is conclusively shown by uncontradicted evidence that Mrs. Thornton, the grantee in the junior deed which had been duly recorded, had notice of the existence of the prior instrument conveying the same land to Mrs. Harvey, and therefore that the court was authorized to direct the verdict rendered. The evidence upon which this contention is based is contained in the testimony of J. T. Henley, which is as follows: "I leased the property [the property in dispute] from Mr. Harvey for two years, and I talked about buying it from him. It was always known as the Harvey property. Everybody there knows that that knows it. Yes, the fact that Mrs. Beavers had given Mrs. Harvey a deed — that matter was discussed in the presence of Mrs. Thornton [the defendant]. Everybody knew that was the property of Mrs. Harvey; no question about that. We talked about the property as Mrs. Harvey's property. This property is located at Campbellton." There was no other evidence tending to show that Mrs. Thornton had knowledge of the existence of the older deed; and this evidence did not authorize the court to hold as a matter of law that notice was shown. The question should have been submitted to the jury, and they should have been permitted to decide, from all the evidence of facts and circumstances, whether or not Mrs. Thornton had notice. The testimony does not show conclusively that Mrs. Thornton heard what was said about the deed, or that the remarks made about it were of such character as to put her upon notice that the property under discussion was the same property as that claimed by her. She might have been present at this discussion and yet not have heard it, or might have heard only a part of it. As the question of notice was one for the jury, and that was the controlling question, the court should have submitted it to them under proper instructions, and should not have directed a verdict.

*Judgment affirmed. All the Justices concur.*