LOGAN *et al. v.* MOBLEY, superintendent of banks, *et al.*

# 616

W. P. *Wallis*, for plaintiffs in error.

T. O. *Marshall*, G. C. *Webb*, Stephen *Pace*, R. L. *Maynard*, Jones, *Evins*, Powers & *Jones*, and W. T. *Lane & Son*, contra.

HILL, J.   T. R. Bennett, as superintendent of banks for the State of Georgia, brought an equitable petition for the use of Plains Bank, against J. R. Logan, Carrie J. Logan, Logan & Andrews Inc., Wm. M. Kinard, Atlanta Trust Company, Metropolitan Life Insurance Company, and Union Central Life Insurance Company, alleging that the Plains Bank went into the hands of T. R. Bennett, superintendent of banks, for liquidation, on July 16, 1926.   A. B. Mobley as superintendent of banks succeeded T. R. Bennett as such superintendent of banks, and the case is now pending in his name.   The prayers of the petition are for injunction against the defendants, to prevent them from changing the present status of the conveyances set out in the petition; that no further liens or conveyances be made until further order of the court; that the deed executed by J. R. Logan to Mrs. C. J. Logan be declared fraudulent and be canceled as to plaintiff's rights in the premises; that the property described in the deed from J. R. Logan to Mrs. C. J. Logan, and the property described in the bond for title from George M. Forman to J. R. Logan, the bond for title and land described therein having been transferred to the Plains Bank, be declared subject to the judgments and executions secured by the Plains Bank in the city court of Americus; that said judgments and executions be adjudged prior liens on said property in favor of plaintiff; that a commissioner be appointed to sell said property, and the proceeds arising from the sale be applied, first, to the payment of the judgments and executions of the Plains Bank, and the balance, if any, be awarded to the proper parties; and for general relief. Plaintiff seeks to establish, under the allegations of his petition, a lien in favor of the Plains Bank against the respective defendants named above, by virtue of a bond for title issued by George M.

Forman, of Chicago, Illinois, on December 13, 1912, to J. R. Logan, one of the defendants, which bond for title was made in pursuance of a deed of the same date, which was duly recorded, to George M. Forman, to secure a loan of $8,000. The bond for title embraced certain lands in Sumter County, Georgia. In April, 1919, this bond for title to J. R. Logan was transferred to Plains Bank to secure an indebtedness of J. R. Logan to Plains Bank, which transfer was recorded February 14, 1920. The indebtedness by Logan to Plains Bank at the time of the transfer of the bond for title was for the amount of $20,000. The deed which J. R. Logan executed to Forman was canceled on August 8, 1921, and in addition to the cancellation of the deed Forman executed to Logan a quitclaim deed dated May 4, 1921, and recorded July 2, 1921. J. R. Logan, on April 1, 1921, obtained a loan from Atlanta Trust Company of $13,000, securing it by a deed which embraced the land described in the Forman loan, and by other lands. The Atlanta Trust Company, on July 12, 1921, transferred its lien on the lands in question to the Metropolitan Life Insurance Company. J. R. Logan, on December 5, 1923, executed to W. M. Kinard a warranty deed which was recorded April 23, 1924, for a consideration of $7,000, to seventy acres of land, being a portion of the lands conveyed by Logan to Forman. The Atlanta Trust Company, on April 20, 1924, executed a quitclaim deed to J. R. Logan to the seventy acres of land which Logan had sold to Kinard. The Metropolitan Life Insurance Company, on May 20, 1924, executed a quitclaim deed to J. R. Logan to the seventy acres of land which he had sold to Kinard, and Kinard borrowed on this seventy acres, from the Union Central Life Insurance Company, $7,000. J. R. Logan, on September 2, 1924, executed to Mrs. C. J. Logan a warranty deed which was duly recorded, conveying the lands embraced in the Forman bond for title, together with other lands. The deed from J. R. Logan to Mrs. Logan, his wife, is attacked as being fraudulent and void. Mrs. Carrie J. Logan, on November 18, 1925, executed a timber lease to Logan & Andrews Inc., and a portion of the timber was located upon the lands described in the bond from title from Forman to Logan. The plaintiff in the instant suit seeks to have the lien acquired by reason of the transfer of the Forman bond for title to Plains Bank set up and established as a prior lien of all the defendants.

618

All of the defendants filed answers, substantially the same in each case, in which they deny the right of the plaintiff, either in law or equity, to have a prior lien on the premises referred to in the petition, and aver that Plains Bank has no right, title, interest, or equity in the premises; and they allege that the deed made to Carrie Andrews Logan was made in good faith on the consideration named, with no intention to hinder or defraud J. R. Logan's creditors, etc. The case was referred to W. M. Harper as auditor, who, on November 2, 1928, reported his findings of fact and conclusions of law in respect to the interest of each of the defendants. None of the defendants excepted to the report of the auditor, save J. R. Logan, Carrie J. Logan, and Logan & Andrews Inc., the plaintiffs in error. Judge Littlejohn made an order, on May 22, 1929, overruling and disapproving the exceptions of fact and of law, to which judgment the plaintiffs in error filed their exceptions pendente lite on June 17, 1929. The trial judge entered his final decree on June 26, 1929, making the auditor's report the judgment of the court, and appointing W. P. McArthur commissioner to sell the right, title, interest, and equity of redemption of J. R. Logan, free from any right, interest, claim, or demand of Mrs. Carrie J. Logan, and Logan & Andrews Inc., in and to the lands embraced in the Forman bond for title, except the seventy acres sold to W. M. Kinard, subject to the right, title, and interest of the Metropolitan Life Insurance Company. The decree further provided that one half of the auditor's fees be paid by the plaintiff, and one half by plaintiff's in error, and that the plaintiffs in error be assessed with the costs of court. The plaintiffs in error excepted, assigning error on the rulings excepted to pendente lite, and on the final decree.

The court decreed that one half of the auditor's fees be paid by the plaintiff and one half by the plaintiffs in error, who were three of the defendants in the court below, and that the plaintiffs in error be assessed with the costs of court. The plaintiffs in error except to that portion of the decree assessing the costs of court against them. There is no merit in this exception. In an equitable proceeding it is within the discretion of the trial judge to award the costs of court as the facts may warrant; and unless his discretion is abused in so doing, his judgment will not be disturbed. Civil Code (1910), § 5423. See also § 5148. In the

instant case the court did not abuse his discretion in awarding the costs of court against the plaintiffs in error. *Fitzpatrick* v. *Mc-Gregor*, 133 *Ga.* 332 (4) (65 S. E. 859, 25 L. R. A. (N. S.) 50); *Strickland* v. *Hutchinson*, 123 *Ga.* 396 (51 S. E. 348); *Pearce* v. *Chastain*, 3 *Ga.* 226 (46 Am. D. 423). And for cases in which the chancery court's discretion was held to have been properly exercised see annotations to § 5423 of Park's and Michie's Codes.

■ This case was submitted to an auditor, who in due time filed his report with his conclusions on questions of fact and of law involved in the case. The plaintiffs in error, J. R. Logan, Mrs. Carrie J. Logan, and Logan and Andrews Inc., filed exceptions to the findings of fact and of law. The court overruled each exception of law and fact, and the plaintiffs in error excepted. The principal exceptions are those which relate to the status of the plaintiffs in error relatively to the Plains Bank under the bond for title which Forman gave to J. R. Logan, and which was transferred by Logan to the Plains Bank; and a transfer by Logan to Mrs. Carrie J. Logan, and by her to Logan & Andrews Inc., of a timber lease on certain land described in the bond for title. The auditor held that the interest of these defendants was subject to the lien of the Plains Bank against J. R. Logan, created by the bond for title transferred by him. To an understanding of the question involved in the exceptions it is essential to set out what the auditor found as to questions of fact, relating to the interest of the respective parties; and also, as a basis for his conclusions of law, to recite the history of this transaction as appears in the auditor's report. In paragraph 2 of his report, under the heading "Atlanta Trust Company," the auditor found that J. R. Logan executed to George M. Forman, of Chicago, a deed to the lands in controversy, to secure a loan of $8,000. On April 13, 1919, J. R. Logan, one of the directors of the Plains Bank, and at that time indebted to that bank, transferred the bond for title in question, which transfer was recorded February 4, 1920. The auditor also found a course of dealing between J. R. Logan and the Atlanta Trust Company in securing the loan of $13,000, and that he was aided in this respect by the president and cashier of the Plains Bank, and that the purpose of seeking this loan was to discharge that made in 1912 by Logan to Forman, amounting to $6,000, the balance of $5,000 to be paid over to the Plains Bank by Logan on his indebtedness

to that bank, which he did, and which was placed to Logan's credit, $1,400 of which, by permission of the bank, was placed on general deposit, which Logan checked out. The auditor also found that W. M. Kinard purchased of J. R. Logan seventy acres of the land described in the Forman bond for title, by consent of the Plains Bank officials, and that these officials knew that this $7,000 consideration from Kinard to Logan was paid to the Atlanta Trust Company, thereby reducing the Atlanta Trust Company loan from $13,000 to $6,000, and that Kinard had to secure this $7,000 by a loan made by the Union Central Life Insurance Company to W. M. Kinard, and that W. L. Thomas, cashier of the Plains Bank, had knowledge of these negotiations and assisted Kinard in securing the loan.

The auditor further found, with reference to the knowledge of the Union Central Life Insurance Company, Atlanta Trust Company, Metropolitan Life Insurance Company, and W. M. Kinard, that these parties had no actual knowledge of this bond for title from Forman to Logan. He further found that J. R. Logan, out of the proceeds of the loan from the Atlanta Trust Company, offered Forman a settlement; whereupon Forman declined to accept it until his bond for title was surrendered; that the Atlanta Trust Company, through its attorney at law at Americus, called upon J. R. Logan for said bond for title, that Logan made search for it, failed to find it, and requested the cashier of the Plains Bank to make search for it, and the cashier reported to Logan that he was unable to find it; that Logan then executed an affidavit prepared in the office of the attorney at law for the Atlanta Trust Company at Americus, wherein he deposed that he was unable to find the bond for title, and that it was lost and had never been transferred by him to any one; that when this affidavit was furnished to Forman he accepted payment of the loan which was due to him by Logan, and canceled his security by reconveying to Logan by quitclaim deed the land described in the bond for title. The auditor also found that the indebtedness of Logan at the time of the transfer of the bond for title to Plains Bank, and all of the notes as constituting the original indebtedness, had been satisfied *except two notes* that were renewals of two notes originally given by J. R. and J. C. Logan, upon which last renewal plaintiff has secured a judgment in the city court of Americus. Plaintiffs in error contend,

in the exceptions to the auditor's report as to these particular obligations of Logan, that there has been, under the facts as set out above, a novation of the contract of indebtedness, and therefore that the lien of the bond for title as transferred to Plains Bank is extinguished. It is insisted that Plains Bank is *estopped* to enforce the lien created by this bond for title as against Mrs. Carrie J. Logan, or Logan & Andrews Inc., or J. R. Logan, which estoppel arises by reason of the conduct of the officials of the Plains Bank in aiding J. R. Logan in negotiating his loan with the Atlanta Trust Company and receiving the proceeds of the loan, and permitting J. R. Logan to place to his credit on general deposit $1,400 of the money subject to his check, and as a condition precedent to getting the same from the Atlanta Trust Company it became necessary for Logan to produce Forman's bond for title, and, failing to find it, in lieu thereof furnishing an affidavit that the bond was lost, misplaced, or destroyed, and had not been transferred, of which requirements the Plains Bank officials were cognizant, and upon request by Logan the cashier of the Plains Bank reported that he had looked for the bond for title and could not find it; and that the auditor's rulings on questions of law are based upon the auditor's conclusions of fact, and therefore that the conclusions of the auditor on questions of law have no foundation in fact.

The auditor found the following as conclusions of law:

"79. With reference to the four above-stated defendants, I find that the plaintiff, the Plains Bank, acting through its cashier, W. L. Thomas, in view of the findings of fact heretofore made by the auditor, is not entitled, either in law or equity, to the grant of any relief which would in any wise abridge or militate against any of said lenders in the enforcement of their security, and the indebtedness covered thereby; nor that would, so far as the said plaintiff is concerned, interfere with W. M. Kinard in the free use, occupation, and control of the 70 acres of land purchased by him from J. R. Logan; nor to any relief that would depreciate the value of the securities and lands so held by said defendants. The auditor rules that the relations of said Plains Bank to the Atlanta Trust Company loan (the Metropolitan Life Insurance Company standing in the shoes of Atlanta Trust Co.), and the sale of the land to W. M. Kinard, are such as to raise an estoppel in pais as against said Plains Bank to undertake to enforce its rights under the

transferred Forman bond for title, upon any of the lands upon which said Trust and Insurance companies have liens, and the 70 acres purchased by W. M. Kinard.

"80. The auditor rules that the Forman bond for title under the transfer thereof by Logan into the Plains Bank—both the bond and transfer being duly recorded—conveys to the Plains Bank, for the purpose of securing indebtedness of Logan existing at the time of said transfer, title to the lands described in said bond for title; and that said Plains Bank is invested with the right to enforce its claim, under said bond for title, upon the lands described therein, and for indebtedness secured thereby, as against J. R. Logan, and as against his wife, Mrs. Carrie J. Logan, notwithstanding the deed from her husband to her, of date Sept. 2, 1924; and also as against Logan & Andrews Incorporated, notwithstanding its— Logan & Andrews Inc.—claim to the timber covered by the conveyance of Mrs. Carrie J. Logan to said Logan & Andrews Inc.

"81. I rule, that, as against said J. R. Logan, Mrs. Carrie J. Logan, and Logan & Andrews Inc., the Plains Bank, by virtue of said Forman transferred bond for title, is invested with title to the lands embraced in that bond for title, as security for the sums of money, plus future interest thereon, embodied in a judgment rendered in the city court of Americus on Sept. 21, 1925, in the case of Plains Bank vs. J. R. Logan and J. C. Logan, for principal $1635.81, interest to date of judgment $116.21, future interest at the rate of 8 per cent. per annum, together with $175.21 attorney's fees, as well as the costs of that proceeding; and that this title arising under said transferred Forman bond for title is paramount to the conveyance made by J. R. Logan to his said wife, and to the conveyance made by Mrs. Carrie J. Logan to Logan & Andrews Inc., to the lands embodied in said Forman bond for title.

"82. I rule that the plaintiff is entitled to no relief as against Mrs. Carrie J. Logan or Logan & Andrews Inc., except such as is indicated above; and that said plaintiff is not entitled to have the deed of conveyance from J. R. Logan to his wife, Mrs. Carrie J. Logan, dated Sept. 2, 1924, surrendered and canceled. The auditor rules, that, except as affected by said transferred bond for title, the deed of conveyance from J. R. Logan to his wife, as referred to above, is valid and binding, and should be so decreed."

The auditor and the court below held that there was no novation

of the contract, and held in effect that those who rely upon a satisfaction and discharge of the original debt must make clear that the original intention of the parties was to extinguish the original debt and create a new one. In *Lott* v. *Dysart,* 45 *Ga.* 355 (2), it was held: "Where a note was given for land, to an administrator, and he turned the note over as assets to the guardian of the sole heir at law, the maker thereof giving the guardian a new note, with the administrator as security, this was not such a novation of the original debt for the land as that the note is not still a debt contracted for the purchase of the land." In *Partridge* v. *Williams,* 72 *Ga.* 807, it was held that "The renewal of a note at the same rate of interest is not a novation. Therefore, where a collateral to secure a note was placed in the hands of the creditor, and the note was renewed at the same rate of interest and with the same parties, the debt was the same, and the collateral security remained as securing it." In *Wofford* v. *Gaines,* 53 *Ga.* 485: "When a promissory note, given for land, and payable to the vendor, and negotiable, went into the hands of a third person, and whilst he was the owner of the same it was renewed by the maker and a party added as security, and the new note made payable to the holder; *held,* that this is not such novation of the original contract as that a homestead laid off in the land is not subject to be levied on and sold to satisfy a judgment founded on the renewed note. The debt is still for the purchase-money of the land." See *American Mortgage Co.* v. *Rawlings,* 127 *Ga.* 82 (56 S. E. 110), where the principles ruled in the foregoing cases were reaffirmed. In *Carlton Supply Co.* v. *Battle,* 142 *Ga.* 605 (83 S. E. 225, L. R. A. 1916A, 926), it was held: "Where a new note containing a contract of conditional sale, reserving title to the same property in the vendor until payment of the purchase money, was taken to secure the same debt, and it was recited in the renewal note that it was given only for the purpose of extending the old conditional-sale note, this did not operate to extinguish the old note so as to postpone it to an intervening mortgage given by the vendee, although the old contract of conditional sale may have been marked paid, surrendered to the vendee, and canceled of record."

We reach the same conclusion as did the auditor and trial court, that the transfer of the bond for title from Forman to J. R. Logan, and from J. R. Logan to the Plains Bank, both of which were duly

624

recorded, for the purpose of securing the indebtedness of Logan to the bank existing at the time of the transfer of the bond for title to the lands described therein, gave Plains Bank the right to enforce its claim under the bond for title upon the lands described therein, and for the indebtedness secured thereby, as against J. R. Logan and his wife, Mrs. Carrie J. Logan, notwithstanding the deed from J. R. Logan to his wife. dated September 2, 1924; and also against Logan & Andrews Inc., notwithstanding the latter company claims title to the timber conveyed by the deed from Mrs. Carrie J. Logan to Logan & Andrews Inc.; and that there was no novation of the original contract. The court did not err in confirming the auditor's report and in overruling the exceptions to his findings of fact and law, and in making the report the judgment of the court.

*Judgment affirmed. All the Justices concur.*