## KELLEY *v.* SPIVEY.

508

*J. E. Kelley* and *Eugene Spradlin,* for plaintiff.
*A. Walton Nall* and *Ellis B. Barrett,* for defendant.

BELL, Justice. An execution in favor of Mary Louise Parks Kelley against H. A. Etheridge was levied on land. O. H. Spivey filed a claim. After judgment in favor of the claimant, the plaintiff in execution moved for a new trial, which the court refused, and she excepted. The case was submitted to the judge without a jury, upon an agreed statement as follows:

"On August 18, 1916, H. A. Etheridge made a bond for title to O. H. Spivey, covering the property levied upon, which was never recorded. Subsequently, to wit, on the 20th day of August, 1921, W. B. Parks was appointed and qualified as the guardian of the property of Thomas J. Parks and Mary Louise Parks (Kelley) in the Fulton court of ordinary, and in said capacity came into possession of money; that on the 11th day of February, 1922, in his capacity as such guardian, the said W. B. Parks loaned to H. A. Etheridge the sum of $750, taking a note therefor, which was secured by a loan deed for the property levied upon, and having no actual notice of the outstanding bond for title. This deed recited that the said Thomas J. Parks and Mary Louise Parks (Kelley) were minors. This deed was recorded on the same date as its execution. Thereafter, on the 16th day of August, 1922, the said H. A. Etheridge conveyed by warranty deed to O. H. Spivey the property levied on, pursuant to the outstanding unrecorded bond for title, and O. H. Spivey took said property and went into possession. This warranty deed was recorded on the same day of its execution. Subsequently, on February 11, 1929, the said H. A. Etheridge executed a note payable to the plaintiff in fi. fa., in the sum of three hundred and fifty ($350) dollars principal, and being represented by a part of the consideration of the original loan, four hundred ($400) dollars having been paid thereon. Said note recited the following language: 'On February 11, 1922, H. A. Etheridge executed to W. B. Parks, as guardian for Thomas J.

Parks and Mary Louise Parks, a note for seven hundred and fifty ($750) dollars. There has been paid on said note $400, and Thomas J. Parks on arriving at 21 was paid his share. This note represents the share of Mary Louise Parks, who is now 21. The original note of $750 has been lost and can not be found.' A new security deed to secure the payment of this renewal note was taken, but at that time not recorded. Subsequently, on the 16th day of April, 1929, the said W. B. Parks, in his capacity as guardian, procured a cancellation of said original loan deed securing the $750 note dated the 11th day of February, 1922, by the clerk of the superior court, Fulton County, Georgia. At this time, Mary Louise Parks had already arrived at the age of 21 years, but this fact was unknown to O. H. Spivey, the claimant, and the plaintiff in fi. fa. had no knowledge or actual notice of the entry of said cancellation nor did she authorize the same. Neither did she ratify the same, unless the filing of a suit upon the note for $350 and the asking of a special lien by virtue of the deed to secure said $350 note amounted to a ratification. The deed to secure the renewal note, dated February 11, 1922 [1929], was recorded some two years later on or about the 2nd day of September, 1932. On the 21st day of May, 1930, suit was filed on said note for $350, and general judgment obtained against H. A. Etheridge, and a special lien granted against the property levied upon on the 2nd day of September, 1932. Thereafter a levy was made upon the property involved, by a deputy sheriff of Fulton County, Georgia, and a claim was filed thereto by O. H. Spivey. O. H. Spivey had been in possession of said property since the execution and delivery of the warranty deed by H. A. Etheridge, above referred to, and had done nothing to recognize the lien against the property at any time."

We are constrained to differ with the learned judge of the trial court as to the conclusion to be reached from the undisputed facts of this case. Spivey, the claimant, purchased the property in question under a bond for title on August 18, 1916. Etheridge, the vendor, thereafter on February 11, 1922, executed a security deed to W. B. Parks as guardian for this plaintiff and her brother, Thomas J. Parks. This deed was given for a present loan of money, and was recorded on the day of its execution. At that time the bond for title was not recorded, nor was Spivey in possession of

the property. Since it was further true that the grantee in the security deed had no actual notice of the outstanding bond for title, the rights conveyed by the security deed were superior to those held by Spivey, the obligee in the bond for title, now the claimant. Apparently there is no question between counsel upon this point. See Code of 1933, §§ 67-1305, 29-401; Acts 1900, p. 68; Acts 1921, p. 157; *Lawson* v. *Prosser,* 146 *Ga.* 421 (3) (91 S. E. 469) ; *Gleaton* v. *Wright,* 149 *Ga.* 220 (100 S. E. 72) ; *Harvey* v. *Thornton,* 150 *Ga.* 780 (105 S. E. 367). Later, on August 16, 1922, Spivey acquired a deed in conformity with his bond for title, which deed was duly recorded and followed by immediate possession. The security deed was still superior, however; and the question is whether its superiority was lost by the subsequent transactions and proceedings. On February 11, 1929, after each of the wards had arrived at majority, and after Etheridge had paid the sum of $400, and the guardian had paid over to Thomas J. Parks his entire share of the note, there was still due upon the original note $350, to all of which the present plaintiff in fi. fa. was entitled. Etheridge, the debtor, gave her a note for this sum, and executed to her a deed conveying the same property as security. At the time of this transaction she was the equitable if not the legal owner of this entire balance of the original debt, as well as the title conveyed by the original security deed. *Alexander* v. *Alexander,* 46 *Ga.* 283; *Johnston* v. *Janes,* 48 *Ga.* 554; *Sterling* v. *Arnold,* 54 *Ga.* 690 (2, 3). If this were all, it would be clear that a novation did not result, and thus that the priority of the original deed was not lost. Were there sufficient additional facts to show a novation? We think not. The cancellation of the original security deed was the act of W. B. Parks after both wards had arrived at their majority, and after his authority as to such a matter had terminated by operation of law. *Hood* v. *Perry,* 73 *Ga.* 319; *Morgan* v. *Woods,* 69 *Ga.* 599 (2) ; *Georgia Railroad Bank & Trust Co.* v. *Liberty National Bank & Trust Co.,* 180 *Ga.* 4 (2) (177 S. E. 803). The cancellation was therefore a void act, so far as the plaintiff was concerned. If the act was subject to ratification, it appears that the plaintiff had no knowledge or actual notice of the entry of cancellation, "nor did she authorize the same." Ratification necessarily involves a knowledge of the facts on the part of the person ratifying (*Dolvin* v. *American Harrow Co.,* 125 *Ga.* 699 (5), 54

S. E. 706, 28 L. R. A. (N. S.) 785) ; and when the plaintiff showed that the transaction was unauthorized, the burden was shifted to the opposite party to show a ratification. *DeVaughn* v. *McLeroy,* 82 *Ga.* 687 (4, *d*) (10 S. E. 211). In the circumstances, the filing of the suit on the new note with a prayer for a special lien based on the new security deed did not amount to a ratification; and this is true even though the suit resulted in a judgment in accordance with its prayers, giving rise to the execution in question.

It follows that the facts of the case were insufficient to show a novation. See, as to novation: Code of 1933, § 20-115; *Lott* v. *Dysart,* 45 *Ga.* 355 (2) ; *Carlton Supply Co.* v. *Battle,* 142 *Ga.* 605 (83 S. E. 225, L. R. A. 1916A, 926) ; *Logan* v. *Mobley,* 170 *Ga.* 615 (153 S. E. 763) ; *Georgia National Bank* v. *Fry,* 32 *Ga. App.* 695 (124 S. E. 542) ; *Brooks* v. *Jackins,* 38 *Ga. App.* 57 (142 S. E. 574) ; *Albany Loan & Finance Co.* v. *Tift,* 43 *Ga. App.* 789 (2) (160 S. E. 661). The present case materially differs on its facts from the cases relied on by counsel for the defendant, including *Dever* v. *Akin,* 40 *Ga.* 423; *Coleman* v. *Davies,* 45 *Ga.* 489; *Williams* v. *Donalson,* 84 *Ga.* 593 (10 S. E. 1015) ; *Farkas* v. *Third National Bank of Albany,* 133 *Ga.* 755 (66 S. E. 926, 26 L. R. A. (N. S.) 496). Whether or not prescription could have run in favor of the claimant and against the plaintiff in execution during the period of the guardianship (Code of 1933, § 85-411; *Vinton* v. *Powell,* 136 *Ga.* 687, 71 S. E. 1119), and regardless of other questions relating to prescription, the facts of this record do not show a prescriptive title in the claimant, because it does not appear that his possession was of such a character as to become the basis of prescription. Code of 1933, §§ 85-402, 85-407.

*Judgment reversed. All the Justices concur.*