### MASON v. ROYAL INDEMNITY CO.

### No. 2143.

District Court, N. D. Georgia, Atlanta Division.

Nov. 1, 1940.

478

Geo. & John L. Westmoreland, of Atlanta, for plaintiff.

Neely, Marshall & Greene, of Atlanta, Ga., for defendant.

RUSSELL, District Judge.

This is a suit filed by Kenneth L. Mason against the Royal Indemnity Company seeking to enforce a judgment·for $3,750 obtained in the Superior Court of Fulton County, Georgia, against John H. Harrison who is alleged to be "an additional insured" under the terms of a policy issued by the defendant on October 10, 1936,. to Mrs. Marie Harrison Mason. The named insured is a sister of John H. Harrison and the wife of Kenneth L. Mason, the plaintiff in the present suit.

It appears from the evidence that Mason was injured on December 1, 1936, as a result of an automobile accident while riding in a car driven by Harrison. On January 8, 1937, an attorney retained by Mason notified Harrison that he was planning to institute suit and Harrison thereupon notified the present defendant, and it may be fairly inferred after obtaining a non-waiver agreement from the named insured, Mrs. Marie Harrison Mason, the Indemnity Company made an investigation of the accident taking statements from Mrs. Mason and two statements from John H. Harrison, apparently not being satisfied with the first statement obtained.

Predicating their action upon the information conveyed to them by these statements the Indemnity Company on March 3, 1937 subsequent to the institution of suit against Harrison by Mason, notified Mrs. Mason that because of the disclosure that she was not the owner of the automobile insured, and that the automobile had been purchased by John H. Harrison for his own use and benefit, and because she did not own the car and had no insurable interest therein, the policy was null and void at the time it was issued, and so declared and cancelled for the above reasons and because of the breach of item number "Six", (evidently meaning "Five"), of the insurance contract. Thereafter, for similar stated reasons, the Indemnity Company refused to defend the suit in the Superior Court of Fulton County and disclaimed all liability thereunder.

Upon the trial no appearance was had for the said John H. Harrison or his guardian ad litem and no evidence was adduced in their behalf. The evidence for the plaintiff was his testimony as to the negligent operation of the car, its skidding and his injuries. The jury returned a verdict in favor of Mason for $650 and being dissatisfied therewith he filed a motion for new trial. Rule nisi issued thereon setting a hearing for June 30, 1938, and was served upon the guardian ad litem on June 24, 1938. On June 30th the brief of evidence was approved and a new trial granted. The second trial was had on November 10, 1938, when Mason obtained a verdict and judgment for $3,750. Fi. fa. issued thereon and upon a return of nulla bona the present suit was instituted in Fulton Superior Court and by defendant removed to this court.

### Discussion.

This case was tried before the court, jury being waived. The evidence for the plaintiff established that the car was being driven with the permisson of the named assured, and in fact no contention is made as to this by the defendant except with regard to the question of ownership. With this evidence and the introduction of the policy and proof of judgment, the plaintiff established at least a prima facie case.

■ Upon the trial defendant offered in evidence unsworn statements of the named assured and the additional assured, and they were admitted by the court over the objections of plaintiff. As a matter of first impression, it appeared to the court that certain of the statements of the named assured were admissible. However, under controlling authority these statements are without probative value and inadmissible. Columbia Casualty Company v. Thomas, 5 Cir., 101 F.2d 151. See, also, Indemnity Insurance Company of North America v. Forrest, 9 Cir., 44 F.2d 465; Lavine v. Indemnity Insurance Company of North America, 260 N.Y. 399, 183 N.E. 897; Blashfield, Cyclopedia of Automobile Law and Practice, Vol. 6, Permanent Edition, page 396, § 4035.

■ Without the aid of these statements, the evidence in the case is clearly insufficient to establish the first defense of the defendant—that the policy was not effective because the accident occurred "after the transfer during the policy period of the interest of the named assured in the automobile." The evidence as a whole fails to show with any certainty when, if at all, any transfer of interest was made.

Under the general denial in the answer, defendant contends that the evidence shows that the named assured was not the owner of the automobile involved at the time of the accident and that the car was in fact owned by the additional assured driving it at the time. Without any discussion of the question of whether one who has parted with title to an automobile may give permission for its use, it is clear that the defendant failed to satisfactorily rebut the testimony on behalf of the plaintiff that the named assured was the owner of the automobile. The testimony of Harrison, the claimed additional assured, was introduced by depositions taken on behalf of the defendant, which introduced part of this witness' testimony, the remainder being introduced by the plaintiff. While there are extreme contradictions in the testimony of this witness, a fair deduction is that his sister, the named assured, gave him the use of the car in question rather than that she gave him the car as contended by defendant.

■ By what is denominated as second and third defenses, defendant contends that the plaintiff cannot recover against it because the evidence discloses that the additional assured and the plaintiff were fellow employees of Grant and Company, which it is contended was under the terms of the policy an additional assured, and being such by the terms of the policy were excluded from coverage thereunder. These defenses cannot be sustained for the reason that the evidence wholly fails to show that the op-

eration of the automobile by Harrison was in the business of Grant and Company. The evidence is clear that Harrison and Mason were salesmen for Grant and Company on commission. This company was not concerned in the transportation or travelling of Harrison and Mason, nor in the manner thereof. Under the evidence Harrison and Mason were what might be termed independent contractors, and Grant and Company was not legally responsible for the operation of the automobile. Georgia Annotated Code of 1933, Sec. 105-501; Whitehall Chevrolet Co. v. Anderson, 53 Ga.App. 406 (2), 409, 186 S.E. 135, and cits.; Simril v. Davis, 42 Ga.App. 277, 155 S.E. 790.

By its fourth defense defendant contends that under the evidence it is shown that the judgment obtained by Mason against Harrison is void because of fraud and collusion against it by them, and because the guardian ad litem was appointed before service of the petition upon Harrison, who was a minor; because the petition was served after the appearance term, and because a motion for new trial following a verdict for $650 in favor of the plaintiff had never been served nor service legally waived by Harrison, who became twenty-one (21) years of age prior to the service of the motion for new trial upon his former guardian ad litem.

■ · The evidence fails to disclose any such fraud or collusion which would under the circumstances render the judgment absolutely void. United States Casualty Company v. Drew, 9 Cir., 5 F.2d 498; Ohio Casualty Insurance Company v. Beckwith, 5 Cir., 74 F.2d 75; Conroy v. Commercial Casualty Insurance Company, 292 Pa. 219, 140 A. 905; Indemnity Insurance Company v. Lee, 232 Ky. 556, 24 S.W.2d 278; State Automobile Insurance Company v. York, 4 Cir., 104 F.2d 730.

■ Neither does the fact that a guardian ad litem for the minor was appointed prior to service upon him, and that service was had after the beginning of the appearance term, render the proceedings void. The filing of the answer thereafter was a waiver of any irregularities of the process and service thereof. Steele v. Graves, 160 Ga. 120 (8–f), 127 S.E. 465; Young v. Germania Savings Bank, 134 Ga. 602 (1), 68 S.E. 321.

■ It is true that, as contended by the plaintiff, defendant is not permitted to make a collateral attack, as that term is generally understood, upon the judgment obtained by Mason in the Superior Court of Fulton County. However, the attack of the defendant is based upon the invalidity of the judgment upon the ground that the court was without jurisdiction, at the time of the rendition of the second verdict now sued upon, because of failure of the plaintiff to serve the motion for new trial upon the defendant following his attainment of majority while the cause was proceeding.

It may be conceded that the insurer is precluded from making any attack upon the validity of the judgment which could not be asserted by the defendant therein. Still, it appears only reasonable and just that the defendant should be entitled to the same extent as the insured defendant in judgment to show that the judgment is not a valid one because of the lack of jurisdiction. It is undisputed from the evidence that on June 24, 1938, at which time the motion for new trial for plaintiff was served upon the guardian ad litem, theretofore appointed in the cause, the defendant was more than twenty-one (21) years of age, having reached his majority on July 16, 1937. Therefore such attempted service was no service.

■■ . It is further undisputed that after Harrison became twenty-one (21) years old he never at any time waived service, nor was he represented by counsel. The fact that he was twenty-one (21) years old was known to the plaintiff, his brother-in-law. For sound reasons, and under numerous rulings, it is well settled that the authority of a guardian ad litem of an infant defendant to represent him in the conduct of a cause expires with the minority of the infant. "The office of guardian of a minor expires with the cause of it, and is thus terminated as a matter of law upon the ward's arrival at majority." Georgia Railroad Bank & Trust Co. v. Liberty National Bank & Trust Co., 180 Ga. 4 (2), 11, 177 S.E. 803, 808, and cits. See also Kelley v. Spivey, 182 Ga. 507, 510, 185 S.E. 783; Morgan v. Woods, 69 Ga. 599 (2); 31 C.J. 1156; Gentle v. Georgia Power Company, 179 Ga. 853, 177 S.E. 690.

■ As the motion for new trial has never been legally served upon John H. Harrison, nor is it shown that he waived service, it is therefore apparent that the verdict of June 23, 1937, has never been legally set aside, because the court at the time of the grant of the new trial did not have jurisdiction of the person of Harrison, and

therefore had none at the time of the second trial. This is a defense which under the facts in this case John H. Harrison could himself assert to any attempt to enforce the judgment at this time against him, (Brown v. Anderson, 186 Ga. 220, 197 S.E. 761), and under the terms of the policy the Indemnity Company can assert the objection and has done so and maintained it. It follows that defendant is entitled to judgment in its favor and it will be so entered.

### Findings of Fact.

1. That on September 8, 1936, title to the Plymouth automobile involved was conveyed to Mrs. Marie Harrison Mason by J. M. Harrison Company, the automobile dealer, and license for such car was thereafter obtained in her name.

2. On October 10, 1936, the Royal Indemnity Company issued to Mrs. Marie Harrison Mason its policy of automobile liability insurance covering the automobile in question, the policy containing among others the following provisions:

"To pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages. * * *"

"The unqualified word 'insured' * * * includes not only the named insured but also any person while using the automobile * * * provided further, that the actual use is with the permission of the named insured".

But this provision does not apply "To any employee of an insured with respect to an action brought against said employee because of bodily injury to * * * another employee of the same insured injured in the course of such employment."

There is excluded from coverage "bodily injury to any employee of the insured while engaged in the business of the insured. * * *"

It is provided that "No action shall lie against the company unless as a condition precedent thereto, the insured shall have fully complied with all the conditions hereof, nor until the amount of the insured's obligation to pay shall have been finally determined * * * by a judgment against the insured after actual trial. * * * Any person who has secured such judgment * * * shall thereafter be entitled to recover under the terms of this policy in the same manner and to the same extent as the insured."

Declarations contained in the policy are made by its terms the agreements and representations of the insured and it is agreed that the policy is issued in reliance upon the truth of such representations. In the declarations it is set forth: "The named insured is the sole owner of the automobile."

3. That by a preponderance of the evidence Mrs. Marie Harrison Mason was the owner of the automobile in question at the time of the accident and John H. Harrison was driving the car with her permission.

4. That at the time of the accident on December 1, 1936, Harrison and Mason were not engaged in the business of Grant and Company as its servants or agents, but were independent actors, being employed by Grant and Company as salesmen upon commissions, Grant and Company not directing their method of travel or contributing to the expense thereof.

5. That on February 8, 1937, suit was instituted by Mason against Harrison who was at that time a minor; guardian ad litem was appointed on February 17, 1937, the appointment accepted, and service had upon the minor on March 5, 1937, and the answer filed by the guardian ad litem on March 11th.

6. That on June 23, 1938, upon the trial of the case verdict in favor of the plaintiff was returned for $650; that plaintiff filed a motion for new trial which on June 24, 1938, was served upon said guardian ad litem, but no service had upon the defendant and that defendant was not represented by an attorney at law.

7. That John H. Harrison became twenty-one (21) years old on July 16, 1937, and since his majority John H. Harrison has not waived service of said motion nor authorized any one to do so for him.

8. That on November 10, 1938, another trial of the case was had and plaintiff Mason obtained judgment against Harrison for $3,750; that fi. fa. issued and has returned unsatisfied.

### Conclusions of Law.

That under the findings of fact defendant has failed to maintain its first, second and third defenses and plea of general denial.

That service of the motion for new trial upon W. K. Grant as guardian ad litem for John H. Harrison on June 24, 1938, was ineffectual because John H. Harrison was at that time more than twenty-one (21)

**482**

years old, and was not service upon said John H. Harrison.

That the verdict and judgment of November 10, 1938, is ineffective as against John H. Harrison because of lack of jurisdiction of his person by the court.

That such judgment is not binding upon John H. Harrison, and in this suit the defendant is entitled to assert this invalidity of the judgment and has successfully done so.

That defendant is entitled to a judgment in its favor.