[Civ. No. 18280. Second Dist., Div. Two. Apr. 2, 1951.]

Estate of LILLIAN B. CUMMINS, Deceased. CHARLES BOBST, Appellant, v. J. C. F. CUMMINS, as Executor, etc., Respondent.

R. R. Sleeper and Jack B. Adams for Appellant.

Walter W. Rennie for Respondent.

WILSON, J.—Appellant, Charles Bobst, one of the legatees named in the will of decedent, has appealed from the order settling final account, for interpretation of will, and for distribution of estate. Decedent left a holographic will in which she made several cash bequests, the fourth paragraph reading as follows: "I give devise and *beqeath* to my dear brother Charles Bobst (8,000.00) Eight thousand dollars in cash out of my estate"

After making other bequests she appointed her husband as executor of the will and in paragraph ten made the following provision: "I appoint my husband John Charles Freemont Cummins Guardi*ne* for my brother Charles Bobst estate, I *auh*erize him to provide a *su*table place to live & board, and all the comforts of life, Guardi*ne* to furnish all clothing as needed to pay laundry and dry cleaning bills, Charlie to get $(20.00) Twenty dollars a month spending money providing he does not spend it for liquor if he does it is to be reduced to $(10.00) Ten dollars a month Charles to have a radio Guardi*ne* to use his judgment as to price In case of my brother Charles death and there is any money left from his estate that is to be e*q*ueally divide_ among all the *airs* mentioned in this my Will"

After paying the debts and expenses of administration there were insufficient funds in the estate to pay the bequests in full, and distribution was made ratably. The court ordered the sum of $6,459.09, less inheritance tax, distributed to John Charles Freemont Cummins to be held in trust for Charles Bobst under the following terms and conditions: "1. Out of principal, or income, to provide room, board and clothing to Charles Bobst; 2. To pay to Charles Bobst the sum of $20.00 per month spending money, provided the money is not used to purchase alcoholic beverages, and in the event the Trustee determines that Charles Bobst is using any of the funds to purchase alcoholic beverages, the Trustee shall reduce the amount of spending money to $10.00; 3. Upon the death of Charles Bobst any principal, and/or income, on hand will be distributed to the legatees named in this Will, if then living, in the same proportion that they take under this Decree of Distribution."

 Since Bobst was not a minor and was not under any legal disability, decedent was without power to designate a guardian for him. Hence paragraph 10 of the will purporting to appoint a guardian is null and void. The bequest to Bobst in paragraph four was absolute and without limitation, and the court was therefore without power to create a trust for him or to distribute his legacy otherwise than directly to him.

Inasmuch as the executor and legatee are different persons we are not called upon to determine whether any portion of the will is directed to the executor or to the same person as legatee, nor does any question arise whether any part of the will is mandatory or precatory. The will is neither uncertain nor ambiguous though the provision attempting to appoint a guardian for Bobst is void.

 It is the rule that a will must be construed in its entirety but it is not the rule that an invalid provision will vary or modify a plain, unambiguous and valid bequest.

That part of the order purporting to make distribution to John Charles Fremont Cummins in trust for Charles Bobst is reversed and the superior court is directed to distribute unconditionally to Charles Bobst the sum of $6,459.09 less $330.77 paid for inheritance tax assessed against said legatee.

Moore, P. J., and McComb, J., concurred.