74 So.2d 608

MARYLAND CASUALTY CO.

v.

R. Lee OWENS et al.

8 Div. 735.

Supreme Court of Alabama.

Aug. 30, 1954.

Finis E. St. John and Jack C. Riley, Cullman, for appellant.

448

H. G. Bailey, Boaz, for appellees.

MERRILL, Justice.

This is an appeal from a decree of the Circuit Court of Marshall County, in Equity, overruling a demurrer of the appellant to a bill to set aside a former decree of the court.

W. A. Childress died in Marshall County, Alabama, in 1931, leaving a last will and testament. Daniel Childress was appointed executor of the estate. The appellant Maryland Casualty Company became surety on his bond. An agreement was entered into in 1931 whereby certain portions of the

estate were conveyed between and among the parties in accordance with the will, but with the provision that each conveyance was to be subject to a payment of $35.00 per year by the respective grantees. The payments were to be made to the executor to be used for the support and maintenance of the widow so long as she lived.

In 1936 administration of the estate was removed to the circuit court upon a petition filed by the widow, Nettie A. Childress. In 1938 certain of the heirs, most of whom are now respondents filed their petition against Daniel Childress, individually and as executor, and against the now complainants, all of whom were then minors, charging that the executor had failed to make and render an accounting of the funds and property of the estate. From the filing of this petition in 1938 the proceedings of the administration wound its way up to the 10th day of October, 1949. On that day an agreement for a final settlement of the cause was entered into. A final consent decree was entered by the circuit court on the following day, October 11, 1949. The bill in the instant case seeks to set aside this consent decree.

The bill alleges that guardians ad litem were appointed on October 10, 1949, the day before the decree was rendered, to represent the present complainants, but that all of the complainants, except one, had long before arrived at full age. It further avers:

"* * * None of these complainants were present at said procedure and none of them had any notice of the same; that the guardians ad litem theretofore appointed for them in this proceeding during their minority had long before this, either died or resigned and these complainants had not been represented by any guardian ad litem for quite a while as this cause progressed until some were appointed on the date of the execution of the said stipulation for a final consent decree. * * *

"* * * That, on said date of October 11, 1949, or the day before, Guardians ad Litem were appointed for all the complainants presumably to represent and protect their interests at the signing of the written stipulation for a consent decree, as aforesaid; that none of these complainants signed said stipulation, or agreed to the same, but that the said appointed guardian ad litems signed said stipulation presumably for them immediately after their said appointment as such on October 10th, 1949; that none of the complainants had any notice or knowledge of the said stipulation for a consent decree and none of them were present in court on the day the same was purportedly executed. That, at no time in the said proceedings leading up to the said decree of October 11, 1949, were any of your complainants represented in said cause, or served with any notice of any of the proceedings in said cause, save by and through guardian ad litem, as aforesaid. * * *"

The present bill avers that certain property under the will of the deceased W. A. Childress was conveyed to his daughter, Lula B. Owens, the present complainant's mother now deceased, and that before her death she and her husband in 1935 conveyed the property to J. B. Barnett by a mortgage. They allege upon information and belief that there was no consideration given for the mortgage and call upon Barnett to set forth what the consideration was. They allege that the mortgage was transferred by Barnett to Daniel Childress, as Executor, and that Childress moved upon the lands and cultivated them using the rents and profits for himself. Complainants declare that these rents and profits should have been applied to payment of the mortgage debt. The mortgage was further transferred by the consent decree of 1949 to respondents J. P. and Nellie Taylor with a provision that the proceeds from collection of the debt secured by the mortgage when collected would apply on payment of the amount due the Taylors under the consent decree.

The bill avers that the Taylors are about to foreclose the mortgage and sell the property. It further avers that the Taylors are claiming excessive and exorbitant amounts

450

as due upon the mortgage and that there is a bona fide dispute between complainants, and the Taylors.

The bill further states that complainants verily believe that they have a good defense to the matters and things adjudged against them by the decree of 1949 and that they have been prevented from making their defense because of matters set forth in the bill. They aver that the decree is void and of no effect and should be set aside because of lack of service of process upon them, lack of due notice and because of the fact of guardians ad litem purporting to act for them when many of the complainants were of full age and had been for some years prior to the rendition of the consent decree.

The prayer is for an injunction to restrain the Taylors from foreclosing the mortgage and for an accounting to determine the amount due so that they might be allowed to redeem the property. The bill seeks to restrain further proceedings under the consent decree until a determination of the present decree. Such a restraining order was issued.

Demurrers were filed separately by other respondents, including Daniel Childress, the Executor, on whose bond appellant is surety. All the demurrers were overruled and appellant alone has appealed from the decree overruling its demurrers.

■ There are four assignments of error. The first is that the trial court erred in overruling appellant's demurrer to the bill as a whole and secondly that the trial court erred in overruling the demurrer to that aspect of the bill seeking to set aside the decree of October 11, 1949. The third assignment is the overruling of appellant's demurrer to that aspect which seeks to bind appellant as surety on an agreement of November 30, 1931. The fourth assignment is the overruling of appellant's demurrer taking the ground that appellant's liability ceased upon the settlement in 1931. There are no "aspects" seeking specifically to bind appellant as surety upon any particular agreement. The surety is liable if at all for any breach by the executor of the condi-

tions of his bond under Title 61, § 96. The liability of a surety continues on an administrator's bond if the final decree is set aside. Fidelity & Deposit Co. of Maryland v. Hendrix, 215 Ala. 555, 112 So. 117.

■ The unusual situation here upon which the appellees rely as grounds for setting aside the consent decree of October 11, 1949, is that the decree is based upon an agreement to which they never consented and of which they had no notice or knowledge. The agreement was signed purportedly on their behalf by two persons appointed guardians ad litem on the same day the agreement was made and one day before the decree was rendered. Actually on this day all of the now complainants except two were of full age and had been for some time. Under the provisions of § 145, Title 13, Code of 1940, when any error of law or fact has occurred in the settlement of any estate of a decedent to the injury of any party, without any fault or neglect on his part, such party may correct such error by a bill in the circuit court. In a bill under this section it is not necessary to charge fraud. Young v. Wall, 215 Ala. 131, 110 So. 135. Such proceedings are provided for generally by Equity Rule 66. Code 1940, Tit. 7 Appendix.

■ On demurrer the allegations of a bill are taken as true. It is shown that none of these complainants signed the agreement for the consent decree. Since they were of age no guardian had the authority to act for them. For sound reasons and under numerous rulings it is well settled that the authority of a guardian ad litem of an infant defendant to represent him in the conduct of a cause expires with the minority of the infant, 43 C.J.S., Infants, § 113; Mason v. Royal Indemnity Co., D.C., 35 F.Supp. 477; West of St. Louis Trust Co. of St. Louis v. Brokaw, 232 Mo.App. 209, 102 S.W.2d 792; Pardue Medicine Co. Inc. v. Pardue, 194 Ga. 516, 22 S.E.2d 143; Kelley v. Spivey, 182 Ga. 507, 185 S.E. 783. The situation in the present case presents even a stronger reason for awarding relief to these complainants. The situation is not one where guardians were appointed and then the wards became

of age. The two guardians were appointed after the complainants had become of full age, which knowledge was available to respondents and the court from the records in the administration file. One had been of age for 10 years, one for 9 years, one for 7 years, and one for 3 years. In view of this, it is clear that the purported guardians had no authority to agree for these parties. The rule is stated in 39 C.J.S., Guardian and Ward, § 7, p. 17, as follows: "No person can serve as guardian for another who is of full age and sui juris; a court has neither the power nor duty to exercise a guardianship over an individual who is a free and independent agent and is in the full possession of all his faculties; * * *", and cites as authority Smith v. Walker, 187 Ark. 161, 58 S.W.2d 946; In re Cummins' Estate, 103 Cal.App.2d 230, 229 P.2d 136; Stephens v. Moore, 298 Mo. 215, 249 S.W. 601; In re Cass' Guardianship, 155 Neb. 792, 54 N.W. 2d 68.

The point is raised by demurrer and argued by appellant that the bill does not allege any facts constituting a meritorious defense. The bill avers that the property in question here was mortgaged to J. G. Barnett by complainants' parents and that they never received any credit, value or money therefor. They aver that the mortgage was transferred to Daniel Childress either as an individual or as executor of the estate and that he moved upon the land and lived there for three or four years, cultivated the land and received rents and profits therefrom. Complainants aver that these profits should have been applied to payment of the mortgage indebtedness. The cases are numerous that hold that a mortgagee entering into possession of mortgaged premises before foreclosure is accountable for rents and profits. Henderson v. Coon, 244 Ala. 324, 13 So.2d 564; Hawkins v. Snellings, 255 Ala. 659, 53 So. 2d 552; 14 Ala.Dig., Mortgages, ☞199(3). We think there is sufficient allegation that complainants have a meritorious defense.

Appellant argues that the liability of a surety on the bond of an executor is limited to matters strictly pertaining to the executor's duties in settlement of the estate. In 1931 shortly after the death of W. A. Childress, certain portions of the estate were conveyed between and among the heirs. Each conveyance was subject to a payment of $35 per year by each grantee to be made to Daniel Childress as executor for the use and support of the widow. A petition filed in 1938 by certain of the heirs averred that although the executor had collected most of the $35 payments and other property of the estate, he had failed to make and render an accounting of the said funds and property. It was because of this liability of Childress that the mortgage held by him was by the 1949 decree transferred to J. P. and Nellie Taylor.

Complainants were not parties to the consent decree and were not present to contest the rights of the Taylors, who now, so complainants aver, claim excessive and exorbitant amounts to be due on the mortgage. These complainants have a right to their day in court to offer whatever proof they may have to protect their rights as heirs of the mortgagor. An executor occupies a position of trust with respect to those interested in the estate and is the representative of the decedent, of creditors and of the legatees and distributees. Durden v. Neighbors, 232 Ala. 496, 168 So. 887; Amos v. Toolen, 232 Ala. 587, 168 So. 687.

Whether a bill is multifarious is largely discretionary with the court. Equity Rule 15, Code of 1940, Title 7, Appendix; Ford v. Borders, 200 Ala. 70, 75 So. 398; City of Mobile v. McCown Oil Co., 226 Ala. 688, 148 So. 402. The overall purpose of complainants' bill is to secure a determination of their rights as heirs of the mortgagor. The claims of the present holders of the mortgage, J. P. and Nellie Taylor, depends upon the correctness of the consent decree. The decree awarded them the mortgage because of amounts due them arising out of matters involved in the administration of the estate. If there is to be a modification of the amounts due the Taylors, it will necessarily involve at least some revocation or modification of the consent

decree. It follows that the trial court was correct in overruling appellant's demurrers.

Affirmed.

LAWSON, SIMPSON and STAKELY, JJ., concur.