Belinda Kay McKINNON,
Plaintiff–Appellant,

v.

BLUE CROSS AND BLUE SHIELD OF ALABAMA, a corporation,
Defendant–Appellee.

No. 90–7181.

United States Court of Appeals,
Eleventh Circuit.

July 12, 1991.

---

**11.** I reserve a discussion of remedies, also at issue in this case, for another occasion.

Robert L. Wiggins, J. Scott Greene, Gordon, Silverman, Wiggins & Childs, Birmingham, Ala., for plaintiff-appellant.

Lawrence B. Clark, Timothy A. Palmer, Peyton Lacy, Jr., Lange, Simpson, Robinson & Somerville, Chris Mitchell, Carol Sue Nelson, Constangy, Brooks & Smith, Birmingham, Ala., for defendant-appellee.

Before HATCHETT and EDMONDSON, Circuit Judges, and PECKHAM,* Senior District Judge.

HATCHETT, Circuit Judge:

In this wrongful termination lawsuit brought under Employee Retirement Income Security Act of 1974 (ERISA), 88 Stat. 829, as amended, 29 U.S.C. § 1001, *et seq.*, anti-retaliation provision, we affirm the district court's grant of summary judgment for the employer.

## FACTS

Prior to his death, Carl Hastings was a participant in an employee welfare benefit plan maintained by U.S. Steel which provided medical coverage. Blue Cross–Blue Shield of Alabama (Blue Cross) adminis-

---

* Honorable Robert F. Peckham, Senior U.S. District Judge for the Northern District of California, sitting by designation.

tered the plan. Health Maintenance Group of Birmingham (HMG), a wholly-owned subsidiary of Blue Cross, was the plan's insurer or provider.

In 1984, Hastings sought to recover medical expenses resulting from lung surgery. Blue Cross and HMG denied his claims. Hastings then sued Blue Cross in the Circuit Court of Jefferson County, Alabama, alleging fraud and bad faith refusal to pay claims. The original complaint stated facts sufficient to state a claim under ERISA but did not specifically cite ERISA. The answer to the complaint pleaded that the claims related to ERISA and were thus preempted by section 1144(a) of that Act.[1] HMG then filed a Petition for Removal on June 24, 1987, and stated that the action was removable because it fell within the exclusive federal remedies available to participants or beneficiaries of ERISA-regulated plans under section 502(a) of ERISA, 29 U.S.C. § 1132(a).[2] The federal district court accepted jurisdiction.

While that action was pending, Hastings died and his daughter, Belinda McKinnon, was appointed executrix of his estate and substituted as plaintiff in the lawsuit against Blue Cross. On May 11, 1987, McKinnon gave a deposition in which she testified in support of the claims of fraud and bad faith. On July 2, 1987, the district court dismissed all of the state law claims because they were preempted by ERISA, but allowed McKinnon to file within fourteen days an amended complaint setting forth any possible ERISA claims.

McKinnon had been a long time employee of Blue Cross. On July 14, 1987, Blue Cross discharged McKinnon because she alleged Blue Cross willfully, intentionally, and fraudulently failed to pay her father's medical claims.

## PROCEDURAL HISTORY

On March 23, 1988, McKinnon filed a complaint in Alabama state court alleging breach of contract and fraud in association with her discharge. Four months later, she amended the complaint to add claims concerning 29 U.S.C. § 1140 (the ERISA anti-retaliation provision), the tort of outrage, and promissory estoppel. Blue Cross petitioned for removal, and the case was removed to the federal district court on July 25, 1989. Blue Cross then moved for summary judgment against all of McKinnon's claims. The district court granted summary judgment against McKinnon's ERISA claim, and remanded the remaining claims to the state court. On appeal, McKinnon challenges the district court's judgment in favor of Blue Cross concerning her claim arising under 29 U.S.C. § 1140.

## CONTENTIONS

McKinnon contends that she is a "participant or beneficiary" within the meaning of section 1140, and that Blue Cross should be estopped from contending otherwise. She also contends that "persons" protected under section 1140 may maintain a private right of action to enforce that section.[3]

1. Section 1144(a) provides:
 Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title. This section shall take effect on January 1, 1975.
 29 U.S.C.A. (West 1985).

2. Although HMG filed the petition for removal, Blue Cross filed a formal joinder in the petition for removal and the district court treated the petition as being on behalf of Blue Cross. *McKinnon v. Blue Cross/Blue Shield of Alabama,* 691 F.Supp. 1314, 1322 (N.D.Ala.1988)

(*McKinnon I*), *aff'd,* 874 F.2d 820 (11th Cir. 1989).

3. McKinnon also contends that the activities for which she was discharged related to ERISA and that is all required for section 1140 protection. The district court concluded that McKinnon was discharged for having made accusations of fraud and other tortious misconduct in a court proceeding embracing only state law issues, and such a discharge is not in a violation of 29 U.S.C. § 1140. McKinnon argues that the district court erred in reading section 1140 in such a narrow manner. In light of our determination that McKinnon has no standing to bring an action under section 1140 to redress her firing, we need not address this issue.

Blue Cross contends that McKinnon is neither a participant nor a beneficiary of her father's employee benefit plan. Blue Cross also contends that "persons" whose section 1140 rights are violated have no private cause of action to enforce that section.

## ISSUES

The issues are: (1) whether McKinnon should be considered a "participant or beneficiary" within the meaning of 29 U.S.C. § 1140, and (2) whether "persons" have a private cause of action under 29 U.S.C. § 1132.

## DISCUSSION

I. "Participant or Beneficiary"?

The first sentence of 29 U.S.C.A. § 1140 states in relevant part:

> It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan, ... or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan....

(West 1985).

McKinnon contends that under either the plain meaning of the language, *res judicata,* collateral estoppel, or judicial estoppel, she should be considered a participant or beneficiary within the meaning of section 1140.

A. *Plain Meaning*

██ ERISA's definitions of the terms are set out in section 1002(7), (8) of the statute:

> (7) The term 'participant' means any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit.
>
> (8) The term 'beneficiary' means a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder.

29 U.S.C.A. (West Supp.1990).

McKinnon was only named in the lawsuit filed by her father in her representative capacity as executrix of his estate, and her only claim to benefits arise from her status as executrix. The benefits at issue in *McKinnon I* were originally her father's and consisted of the payment of certain hospital and surgical costs on behalf of Hastings. These are not benefits to which McKinnon was personally entitled. *See Maryland Cas. Co. v. Owens,* 261 Ala. 446, 74 So.2d 608, 612 (1954) ("an executor occupies a position of trust with respect to those interested in the estate and is the representative of the decedent, of creditors and of the legatees and distributees"). The fact that she was procedurally substituted as a party to the lawsuit does not give her individual status as a participant or beneficiary.[4]

Federal courts have allowed participants' spouses or representatives to go forward with claims under ERISA. *See Sladek v. Bell Sys. Mgmt. Pension Plan,* 880 F.2d 972, 976–79 (7th Cir.1989) (participant's spouse is a beneficiary, even though not explicitly designated as such, and may assert an ERISA claim for the survivor annuity provided by the plan); *Vogel v. Independence Fed. Sav. Bank,* 692 F.Supp. 587 (D.Md.1988) (estate and family members may assert ERISA claims of deceased participant); *cf. Fitzgerald v. Codex Corp.,* 882 F.2d 586, 589 (1st Cir.1989) (participant husband, who was fired in retaliation for

---

**4.** Similarly, McKinnon's argument that she is a participant or beneficiary based on Alabama Code § 6–5–462, which states that claims upon which an action has been filed survive in favor of personal representatives, fails to take into account that she is a plaintiff in this action in her individual capacity and not in her fiduciary capacity as personal representative of her father's estate.

his ex-wife seeking benefits under plan, may sue under section 1140). Such a relationship, however, does not necessarily confer participant or beneficiary status on an individual for purposes of that individual's personal pursuit of claims under section 1140. On the face of the statute's language, McKinnon, as an individual, is neither a participant nor a beneficiary in the plan.

### B. Res Judicata

 McKinnon next contends that Blue Cross is barred as a matter of *res judicata* from asserting that she is not a "participant or beneficiary" because the district court entered judgment in *McKinnon I* in favor of her as a "participant or beneficiary" under ERISA. McKinnon's reliance on the doctrine is misplaced. *Res judicata* is a doctrine of claim preclusion which operates to prevent litigation of matters that were raised or should have been raised in an earlier suit. *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1501 (11th Cir.1990). For *res judicata* to apply, the same cause of action must be involved in both cases (i.e., the cases must be based upon the same factual predicate). *Citibank*, 904 F.2d at 1501, 1503. The cause of action asserted in *McKinnon I* is clearly distinguishable from the cause of action asserted by McKinnon in the present case. *McKinnon I* involved allegations of fraud, bad faith, and eventually a claim for health and medical benefits under her father's employee benefit plan. The present action seeks damages for McKinnon's allegedly wrongful dismissal from employment with Blue Cross. These cases involve different causes of action and the doctrine of *res judicata* is inapplicable.

### C. Collateral Estoppel

 More appropriately, McKinnon contends that the doctrine of collateral estoppel should prevent Blue Cross from contesting McKinnon's status as a participant or beneficiary of her father's employee benefit plan. The doctrine of collateral estoppel, or issue preclusion, bars relitigation of an issue of fact or law that has been litigated and decided in a prior suit.

There are several prerequisites to the application of collateral estoppel: (1) the issue at stake must be identical to the one alleged in the prior litigation; (2) the issue must have been actually litigated in the prior litigation; and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that earlier action.

*Greenblatt v. Drexel Burnham Lambert, Inc.*, 763 F.2d 1352, 1361 (11th Cir.1985) (citation omitted). McKinnon fails to meet any of these prerequisites. In *McKinnon I*, the district court specifically stated that McKinnon, "in her capacity as the personal representative of her deceased father," was bringing suit under ERISA. Her party status was based on her right to become a substitute for the deceased party plaintiff conferred on her under state law, not ERISA. *McKinnon I* did not decide, nor was it at issue, whether McKinnon, personally, was a participant or beneficiary of her father's employee benefit plan within the meaning of section 1140. McKinnon did not contend to have personal status as a participant or benefit of her father's employee benefit plan, and that issue was not litigated in *McKinnon I* because it was not an issue critical or necessary to the judgment.

### D. Judicial Estoppel

 "Judicial estoppel is applied to the calculated assertion of divergent sworn positions. The doctrine is designed to prevent parties from making a mockery of justice by inconsistent pleadings." *American Nat'l Bank v. Federal Dep. Ins. Corp.*, 710 F.2d 1528, 1536 (11th Cir.1983) (citation omitted). McKinnon contends that Blue Cross should be judicially estopped from asserting that she is not a participant or beneficiary within the meaning of section 1140 in regard to her wrongful termination suit because Blue Cross has previously taken the position that McKinnon was a participant or beneficiary within the meaning of ERISA.

A careful examination of the record reveals that Blue Cross has never taken the

position that McKinnon, personally, is a participant or beneficiary of her father's employee benefit plan. Neither the petition for removal filed by HMG in *McKinnon I*, nor the motion to dismiss filed by both defendants refer to McKinnon as a "participant" or "beneficiary." The reference to "an action brought by a participant or beneficiary" clearly refers to McKinnon's father, Carl Hastings, and McKinnon's status as a plaintiff in *McKinnon I* is defined by her own motion as one based on her representative capacity as executrix of his estate. Finally, in Blue Cross's petition for removal in this action, Blue Cross states that it seeks removal only because in McKinnon's own complaint she alleges that "her termination was in violation of 29 U.S.C. § 1140, as she became the participant and/or beneficiary of an employee benefit plan when she, as Executrix, was substituted in as plaintiff in the lawsuit originally filed by her father, Carl Hastings."

Once the representative capacity of the claim in *McKinnon I* is recognized, the failings of McKinnon's estoppel arguments are apparent. We agree with the district court that McKinnon was neither a participant nor a beneficiary of her father's employee benefit plan, and Blue Cross is not precluded from so contending.

## II. Enforcement of Section 1140 by "Persons"

The second sentence of section 1140 states that "[i]t shall be unlawful for any person to discharge, fine, suspend, expel, or discriminate against any person because he has given information or has testified or is about to testify in any inquiry or proceeding relating to this chapter...." 29 U.S.C.A. (West 1985).

■ McKinnon did not rely on this sentence of section 1140 in her arguments before the district court, arguing instead that she was protected as a "participant or beneficiary" of her father's plan. She now contends, however, that she is a "person ... [who] has testified" within the meaning of the second sentence of section 1140. Even assuming this to be true, 29 U.S.C. § 1132, ERISA's civil enforcement provision, empowers only participants, beneficiaries, fiduciaries, and the Secretary of Labor to bring civil actions to enforce the Act.[5] Section 1132 does not authorize any person claiming a violation of the Act to bring civil actions for enforcement. As set forth above, McKinnon is not a participant or beneficiary of the employee benefit plan in question; and she is not a fiduciary as that term is defined in 29 U.S.C. § 1002(21).

■ We are not prepared to presume a private cause of action for all persons subjected to activity prohibited by section 1140. If the express language of a statute creates some private causes of action, the law may presume Congress did not intend to create causes of action unmentioned by the statute. Under similar statutes, courts have held that " 'when legislation expressly provides a particular remedy or remedies, courts should not ex-

---

5. Section 1132(a) provides:

(a) Persons empowered to bring a civil action
A civil action may be brought—
(1) by a participant or beneficiary—
(A) for the relief provided for in subsection (c) of this section, or
(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;
(2) by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title;
(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other

appropriate equitable relief (i) to redress such violation or (ii) to enforce any provisions of this subchapter or the terms of the plan;
(4) by the Secretary, or by a participant, or beneficiary for appropriate relief in the case of a violation of 1025(c) of this title;
(5) except as otherwise provided in subsection (b) of this section, by the Secretary (A) to enjoin any act or practice which violates any provision of this subchapter, or (B) to obtain other appropriate equitable relief (i) to redress such violation or (ii) to enforce any provision of this subchapter; or
(6) by the Secretary to collect any civil penalty under subsection (c)(2) or (i) or (*l*) of this section.
29 U.S.C.A. (West 1985 & Supp.1990).

pand the coverage of the statute to subsume other remedies.'" *Rogers v. Frito-Lay, Inc.*, 611 F.2d 1074, 1084–85 (5th Cir.), *cert. denied*, 449 U.S. 889, 101 S.Ct. 246, 66 L.Ed.2d 115 (1980) (quoting, *National R.R. Passenger Corp. v. National Ass'n of R.R. Passengers*, 414 U.S. 453, 94 S.Ct. 690, 38 L.Ed.2d 646 (1974) (§ 503 of the Vocational Rehabilitation Act of 1973, as amended, 29 U.S.C. § 793, does not provide a private cause of action). *See Howard v. Uniroyal, Inc.*, 719 F.2d 1552 (11th Cir.1983). "Persons" claiming relief under section 1140 are not left without a remedy; the Secretary may bring civil actions to address these ERISA violations. 29 U.S.C. § 1132(a)(5).

## CONCLUSION

In light of the reasons stated above, we affirm the district court's decision granting summary judgment for Blue Cross.

AFFIRMED.

PECKHAM, Senior District Judge, concurring:

I join the court's opinion. I wish to emphasize, however, what I believe to be the narrowness of our holding that McKinnon, as executrix of her father's estate, fails to qualify as a beneficiary.

Under the ERISA statute, a "beneficiary" is broadly defined to include "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8). The record in this case was devoid of any indication that McKinnon had been designated to receive benefits. In particular, McKinnon had failed to show that she was a devisee under her father's will. Thus, because the court today does not decide that such a person lacks standing to assert an anti-retaliation claim under § 1140, I concur.