**Walter J. LAWRENCE, Debtor.**

**Walter J. Lawrence, Plaintiff,**

v.

**United States of America, Internal Revenue Service, Defendant.**

**No. 01–70047–TLH4–A.**

United States Bankruptcy Court, N.D. Florida, Tallahassee Division.

Dec. 12, 2001.

Karen K. Specie, Gainesville, FL, trustee.

### *ORDER STRIKING ADVERSARY COMPLAINT FROM THE RECORD AS VIOLATION OF COURT ORDER; DETERMINING THAT CLAIMS WITHIN COMPLAINT ARE SUBJECT TO DISMISSAL ON GROUNDS OF JUDICIAL ESTOPPEL; AND DENYING "DEBTOR/APPELLANT'S MOTION TO STRIKE THE UNITED STATES OBJECTIONS TO THE DISCHARGE OF CERTAIN ALLEGED INCOME TAX DEBTS"*

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

This matter comes before the Court on Motion to Dismiss And, in the Alternative, Motion to Strike brought by the United States and "Debtor/Appellant's Motion to Strike the United States Objections to the Discharge of Certain Alleged Income Tax Debts and Memorandum of Law in Sup-

port Thereof" brought by Debtor. For the reasons stated herein, this Court strikes Debtor's adversary complaint from the record. This Court also denies Debtor/Appellant's Motion to Strike the United States Objections to the Discharge of Certain Alleged Income Tax Debts as explained below.

On or about December 5, 2000, Walter J. Lawrence (hereinafter "Lawrence") petitioned this Court for an order allowing him to file for bankruptcy under Chapter 7 of the Bankruptcy Code (11 U.S.C.).

Lawrence has been enjoined by the Seventh Circuit from—

> filing any petition for bankruptcy, or any civil action arising out of bankruptcy petitions that have already been filed, or any appeal to this court arising from such actions, without first obtaining leave of the appropriate court. In seeking leave of the court, Mr. Lawrence must certify that the claims he wishes to present have not been raised and disposed of on the merits in any federal court and that the claims are not frivolous. Failure to certify the claims or a false certification may result in Mr. Lawrence being found in contempt of court.

*Lawrence v. United States*, 4 F.3d 996, 1993 WL 360952 (7th Cir.1993). The Seventh Circuit ordered this extraordinary measure "to protect the judicial system's limited resources and insure that they are being used efficiently." *Id.*

The United States objected to the petition alleging that Lawrence had not met his burden of showing (1) that his reason for filing would not be frivolous, (2) that he did not seek to relitigate claims previously determined in a federal court, and (3) that his request was made in good faith.

On January 17, 2001, after a hearing on the petition, this Court granted Lawrence permission to file for bankruptcy under Chapter 7 of the Bankruptcy Code. The United States withdrew its opposition to Lawrence's petition based upon the his testimony, under oath at that hearing, that he was not seeking to discharge or challenge his federal income tax liabilities or affect the federal tax liens in this bankruptcy case.

At the hearing, the Lawrence was placed under oath. Lawrence stated unequivocally, "I don't intend to try to discharge any of the taxes. I'm not even going to try." **Transcript of Hearing, pp. 9, ll. 20–5; 10, ll. 1–2.** *See also,* **Transcript of Hearing, pp. 10–18, 24–27.** He further stated: "The IRS is not being prejudiced, Your Honor, because they are receiving 100 percent of my pension plan, and they will continue to do so." **Transcript of Hearing, p. 9.**

Throughout the hearing, Lawrence repeatedly asserted that he sought to litigate no issues with respect to the tax claims against him. The following dialogue from the hearing makes clear that Lawrence represented to this Court that he did not seek to discharge or in any way affect his federal tax liabilities by filing a petition in bankruptcy.

Q: [Y]ou do not intend to challenge any aspect of whether a lien may or may not attach to property?

A.[Lawrence]: No. It's—I can't, without being in contempt of court, and I am not going to do that.

Q: But you may attempt to exempt a portion of your pension?

A. [Lawrence]: I need to definitely—if I am going to drive a vehicle and pay certain expenses and pay insurance on that, I need to.

Q: And by exempt do you mean—

A. [Lawrence]: I don't even know if I can exempt it or not. I don't know. Under 62–2316 USC, I don't think I can.

Q: So you—

A. [Lawrence]: I am going to ask the Court if I can.

Q.: And you do not challenge, intend to challenge the federal tax liens; is that your testimony?

A.[Lawrence]: I can't.

Q.: You do not intend to challenge the amount of any tax liability?

A. [Lawrence]: No.

Q.: You do not intend to attempt to discharge your Federal income taxes?

A. [Lawrence]: That is correct.

Q.: No Federal income taxes at all will be discharged in this proceeding?

A. [Lawrence]: That is correct. . . .

**Transcript of Hearing, pp. 24–25.**

Lawrence also stated that with respect to his tax liabilities: "I am not going to try to litigate any interest, penalty, or principal amount." **Transcript of Hearing, p. 13, ll. 14–15.** Lawrence did state at the hearing that he would seek to exempt certain property from the bankruptcy estate. He may have believed that such exemption might protect a portion of his pension plan from collection by the IRS.

This Court at the hearing inquired as to whether Lawrence's intended actions in this bankruptcy case complied with the requirements set forth by the Seventh Circuit for permitting him to file for bankruptcy. In particular, this Court wanted to ascertain whether Lawrence intended to raise claims that were frivolous or had been determined previously in a court of law. **Transcript of Hearing, pp. 35–36.** In reliance upon Lawrence's assurances given at the hearing, this Court granted Lawrence's petition.

Following the hearing, Lawrence filed a "no asset" petition in bankruptcy under Chapter 7 of the Bankruptcy Code. He received a discharge in bankruptcy on April 30, 2001.

On or about March 30, 2001, Lawrence filed a motion seeking to avoid a judicial lien for taxes owed to the United States styled, "Debtor's Motion to Avoid Judicial Lien Coupled with Motion for Entry of Order on Debtor's Claimed Exemptions." Lawrence sought (1) an order from this Court "allowing" the debtor's claimed exemptions and (2) an order from this Court that the federal tax liens upon the Lawrence's property and rights to property are avoided. The United States opposed Lawrence's motion to the extent that it sought to avoid the federal tax liens of the United States. After a hearing on the issue, this Court denied the motion on the grounds that the lien of the United States was not a judicial lien.

Lawrence subsequently moved for reconsideration arguing that the federal tax liens against his property are invalid-statutory liens that he sought to "quash." In his motion for reconsideration, Lawrence raised frivolous tax protest arguments including the assertion that wages are not taxable income. These frivolous arguments were not new to Lawrence. He had raised them at other times before other courts and has been sanctioned for doing so. *See, e.g., Lawrence v. United States,* 229 F.3d 1152, 2000 WL 1182452 (6th Cir. 2000); *Lawrence v. United States,* 4 F.3d 996, 1993 WL 360952 (7th Cir.1993).

This Court denied the motion for reconsideration, held that the Motion was meritless, and found that the matters raised in the motion rendered false Lawrence's certification through his sworn testimony given before the Court on January 17, 2001. For these reasons, the Court prohibited Lawrence from "filing any further pro-

ceeding with this court seeking to challenge in any way the tax claims of the United States or the enforceability of any liens arising therefrom" and determined that any such pleadings would be "stricken by the court sua sponte upon receipt." Order Denying Debtor's Motion for Reconsideration Coupled with Motion to Quash Statutory Lien, dated July 2, 2001.

Lawrence has now filed an adversary complaint entitled "Plaintiff/Debtor's Complaint to Determine the Validity, Priority, Or Extent of a Lien With Demand for Jury Trial." In his complaint, Lawrence alleges that the federal tax liens upon his property and rights to property are invalid.[1] Lawrence's approach is to challenge the validity of the tax assessments which give rise to the federal tax liens under 26 U.S.C. § 6321. Lawrence's adversary complaint was brought in direct contradiction of this Court's Order Denying Debtor's Motion for Reconsideration Coupled with Motion to Quash Statutory Lien of July 2, 2001.

This Court has also determined that the claims within the adversary complaint are subject to dismissal on the grounds of judicial estoppel and that, had this Court not determined to strike Lawrence's pleading, it would have dismissed the claims for that reason.

 "The doctrine of judicial estoppel is an equitable principle which generally operates to preclude a party from asserting a position in a legal proceeding inconsistent with a position taken by that party in the same or prior litigation." *USLIFE Corp. v. U.S. Life Ins.*, 560 F.Supp. 1302 (N.D.Tex.1983). Judicial estoppel serves to prevent abuse of the judicial process by litigants. *New Hampshire v. Maine*, 532 U.S. 742, 121 S.Ct. 1808, 1814, 149 L.Ed.2d 968 (2001); *Sea–Land Service, Inc. v. Sellan*, 64 F.Supp.2d 1255 (S.D.Fla.1999); *In re Woolley's Parkway Center, Inc.*, 147 B.R. 996 (Bankr.M.D.Fla.1992). "The doctrine is designed to prevent parties from making a mockery of justice by inconsistent pleadings." *United Kingdom v. United States*, 238 F.3d 1312, 1324 (11th Cir. 2001); *Taylor v. Food World, Inc.*, 133 F.3d 1419, 1422 (11th Cir.1998); *McKinnon v. Blue Cross and Blue Shield of Alabama*, 935 F.2d 1187, 1192 (11th Cir. 1991).

> Where a party has taken a position under oath in one judicial proceeding, he is estopped to make a contrary assertion in a later proceeding. This rule, known as judicial estoppel, is founded on the same ethical precept as estoppel in pais: a party who has induced someone else to act in a particular manner should not be permitted later to cause loss to the person he has misled by adopting an inconsistent position. Judicial estoppel, like all estoppel, is equitable in nature, and is designed to protect those who are misled by a change in position.

*Colonial Refrigerated Transportation, Inc. v. Mitchell*, 403 F.2d 541, 550 (5th Cir. 1968); *United Kingdom*, 238 F.3d at 1324 ("Judicial estoppel is applied to the calculated assertion of divergent sworn positions. The doctrine is designed to prevent parties from making a mockery of justice by inconsistent pleadings").

---

1. Within his adversary complaint, Lawrence apparently seeks the discharge of sanctions imposed upon him by the Sixth Circuit for raising frivolous tax protest arguments. It is this Court's opinion that this Court's July 2, 2001, order applies equally to these sanctions and that Lawrence may not seek their discharge in this bankruptcy. Certainly, as this Court has stricken the adversary complaint from the record for the reasons discussed in the text of the opinion, the issue is no longer before the Court. In any event, the sanctions would be non-dischargeable pursuant to 11 U.S.C. § 523(a)(7).

■ There are no "inflexible prerequisites or an exhaustive formula for determining the applicability of judicial estoppel." *New Hampshire*, 121 S.Ct. at 1815. However, the Supreme Court has recognized that courts typically consider the following: whether the position is "clearly inconsistent" with the party's prior position; whether a court was convinced to accept the previous position such as to lead to "the perception that either the first or the second court was misled"; and whether the change in the position would be unfair to the opposing party. *New Hampshire*, 121 S.Ct. at 1815. *See also Miller v. Willett*, 154 B.R. 987, 990 (Bankr.N.D.Fla. 1993).

■ In this case, Lawrence's current position is clearly contrary to his statements under oath at the January 17, 2001, hearing. Lawrence represented to this Court that he would not challenge his federal tax liabilities or the validity of his federal tax liens, and that he would not seek to relitigate matters or raise frivolous arguments. Yet, through his current adversary Complaint, Lawrence seeks to do these things.

This Court accepted Lawrence's representations and based its ruling, which permitted Lawrence to file his Chapter 7 bankruptcy petition, upon them. This Court was concerned at the time that it made its decision that Lawrence would not use the judicial system as a tool to hamper legitimate collection of federal tax liabilities. Lawrence's representations that he would not seek to challenge the validity of his federal tax liabilities or federal tax liens made this Court's decision simple. If Lawrence were not seeking to challenge these matters, he then would not be in a position to raise the frivolous tax protest arguments for which he had been previously sanctioned. Nor would he be in a position to abuse the protections of the

Bankruptcy Code (11 U.S.C.), in an effort to hamper legitimate federal law enforcement, in this case, assessment and collection of federal income tax liabilities.

To allow Lawrence to continue challenging his federal tax liens and federal tax liabilities after he has promised not to do so is unfair to both this Court and to the United States. Had Lawrence given honest answers at the hearing on January 17, 2001, regarding his intention to challenge his federal tax liens and federal tax liabilities by raising arguments previously made and rejected in other courts and arguments without legal merit or factual foundation, Lawrence likely would not have been permitted to file his petition for bankruptcy. Certainly, the United States would have had further information on which to challenge Lawrence's petition. This Court would have made further inquiry as well prior to granting Lawrence permission to file a petition in bankruptcy.

■ "[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." *New Hampshire*, 121 S.Ct. at 1813. The application of judicial estoppel is appropriate here, where Lawrence's representations at the hearing resulted in this Court permitting the Lawrence to file bankruptcy in the Northern District of Florida on the expectation that Lawrence would not make frivolous claims, seek to relitigate previously determined matters, or challenge his federal income tax liabilities or federal tax liens. This Court will not allow Lawrence to make a mockery of the judicial system or to waste valuable judicial time and resources which could be otherwise devoted to resolving

disputes between honest debtors and creditors.

In addition, Lawrence has filed "Debtor/Appellant's Motion to Strike the United States Objections to the Discharge of Certain Alleged Income Tax Debts and Memorandum of Law in Support Thereof." Given this Court's striking of the adversary complaint, this Motion is moot. Lawrence's Motion is also without merit.

Accordingly, it is

HEREBY ORDERED, ADJUDGED, and DECREED that "Plaintiff/Debtor's Complaint to Determine the Validity, Priority, Or Extent of a Lien With Demand for Jury Trial" is stricken from the record; and it is

FURTHER ORDERED, ADJUDGED, and DECREED that the Motion to Strike the United States Objections to Discharge of Certain Alleged Income Tax Debts is DENIED.

### ORDER DENYING DEBTOR/PLAINTIFF'S MOTION TO AVOID STATUTORY LIEN

THIS CASE is before the Court on plaintiff/debtor Walter J. Lawrence's motion to avoid the statutory income tax lien of the United States of America. *See* Docket Entry #10. The instant adversary proceeding was dismissed following the November 14th 2001 hearing on the defendant's motion to strike the plaintiff/debtor's pleadings and to dismiss the case.

Judicial estoppel requires denial of the instant motion. The injunction contained in *Lawrence v. United States (Matter of Lawrence)*, 4 F.3d 996, 1993 WL 360952 (7th Cir.1993) prohibits the Mr. Lawrence from using this proceeding as a forum to challenge previously adjudicated tax matters. Mr. Lawrence was permitted to file the underlying Chapter 7 case in this Court based on his sworn testimony that he would obey that injunction, and would not use the instant Chapter 7 case as a platform for litigation concerning his income taxes. The instant motion directly contravenes that testimony, violates the injunction from the Seventh Circuit Court of Appeals, and violates this Court's Order binding Mr. Lawrence to the terms and conditions set forth in the injunction. Finally, the instant motion is moot following the dismissal of the adversary proceeding and the underlying administrative case.

Therefore, it is ORDERED AND ADJUDGED that the plaintiff/debtor's motion to avoid statutory lien is DENIED.